EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ VÉLEZ RUIZ, acusado y apelante.

No. 3224.—*Visto:* Noviembre 10, 1927. *Resuelto:* Marzo 27, 1928.

1. ARMAS—VENTAS, PERMUTAS, DONACIÓN o ENTREGA.—Cualquiera persona que, dedicada o no regularmente a la venta de armas de fuego, venda a otra un arma prohibida, como lo es un revólver, comete el delito previsto y castigado por el artículo 3 de la Ley No. 14 de 1924 (pág. 115).

2. Armas—Portar Armas Prohibidas—Licencia para Portarla.—Castigando la ley la venta de armas a persona que carezca de autorización legal para portarla, el hecho de que el arma se adquiera para portarla de acuerdo con la ley, aunque no se tenga licencia para ello, es cuestión para ser apreciada de acuerdo con las circunstancias concurrentes en cada caso.

Sentencia de *Luis Samalea,* J. (Arecibo), condenando al acusado por infracción a la sección 3 de la Ley No. 14 de 1924. Con- *firmada.*

*E. Martínez Avilés* y *Martínez Dávila,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

José Vélez Ruiz fué acusado porque "ilegal, voluntaria y criminalmente, sin tener licencia para el expendio de armas, vendió un revólver, que es un arma con la cual puede causarse daño corporal, a Esteban Cortés Colón, quien no tenía autorización para portarla."

La prueba demostró que el acusado, que era un comerciante en frutos del país, vendió a Cortés un revólver viejo, que Cortés le compró, según dijo, "con la intención de llevarlo al centro de su casa."

La corte de distrito condenó al acusado a sufrir un mes de prisión. No conforme el acusado apeló para ante esta Corte Suprema. Sostiene que la sentencia es errónea porque "el espíritu de la ley es castigar al que ordinariamente se dedica a la venta de armas de fuego .... y no al que incidentalmente vende un revólver viejo," y porque el comprador adquirió el arma para usarla en el "centro de su casa," donde tenía derecho para ello. El apelante no cita jurisprudencia alguna.

[1] La ley aplicable está contenida en el artículo 3 de la Ley No. 14 de 1924. Es así:

"Toda persona que vendiere, permutare, gravare, donare o entregare cualquier arma de las expresadas en el artículo primero de esta Ley, a otra persona que carezca de autorización legal para portarla, incurrirá en pena de prisión de un mes a seis meses. Excep-

túanse las ventas que los comerciantes, debidamente autorizados al efecto, hicieren a otros comerciantes para la reventa.''

Basta leer el estatuto para concluir que no exige que el que venda se dedique regularmente al negocio. Cualquier persona que vendiere, permutare, donare o entregare por una sola vez a otra persona algún arma prohibida, como lo es un revólver, infringe la ley y comete el delito por ella previsto y castigado.

[2] Examinemos la otra contención del apelante. Lo que la ley castiga es que la venta se haga a una persona que carezca de autorización legal para portar el arma. Aquí Cortés no tenía autorización legal. Luego el requisito existe. Pero la ley no considera que se comete un delito cuando el arma prohibida se porta dentro de la propia casa o finca. Siendo esto así, ¿qué influencia puede tener la circunstancia de que el arma se adquiera para portarla de acuerdo con la ley, aunque no se tenga licencia para ello?

La cuestión en verdad es una que debe quedar abierta a la apreciación de las circunstancias concurrentes en cada caso porque en el comercio ordinario de los hombres se celebran día tras día transacciones que envuelven armas prohibidas compradas con el único propósito de usarlas en las faenas domésticas o agrícolas, pero cuando se trata de un revólver si se admitiera como una completa defensa la declaración del comprador en el sentido de que adquiría el revólver para usarlo dentro de su casa o finca, podría fácilmente destruirse el precepto prohibitivo y de hecho quedaría anulado el estatuto. Desde luego que si la corte está convencida de que la intención del acusado ha sido solamente llevar el arma a su propia casa, surgiría una situación distinta, pero en el presente caso la prueba tiende a demostrar que el mismo comprador fué convicto del delito de portar armas prohibidas.

Además, las excepciones contenidas en el artículo 5 de dicha Ley No. 14 de 1924, y otras prescripciones que la misma ley contiene, son de tal naturaleza que interpretadas

y aplicadas debidamente cubren cualquier situación justa que pueda presentarse.

A virtud de todo lo expuesto *debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*